UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| B.W., a minor individual, by and through his personal representatives, ROBIN WILT, an individual; and NICHOLAS WILT, an individual,<br><br>Plaintiffs,<br>vs.<br><br>MERCER ISLAND SCHOOL DISTRICT, a local entity; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs allege upon personal knowledge and belief as to their own acts, and upon information and belief (based on the investigation of counsel) as to all other matters, as to which allegations they believe substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

**INTRODUCTION**

1.  Plaintiffs Nicholas and Robin Wilt on behalf of their minor child, B.W., and each in their own individual capacity, and by the undersigned attorney, bring this action for monetary damages and injunctive relief against Defendant MERCER ISLAND SCHOOL DISTRICT ("MISD"); and DOE Defendants, unidentified agents and/or employees 1 through 10, (collectively, "Defendants" or "MISD Defendants").

////

| COMPLAINT | 1 | **LAW OFFICE OF ERNEST SAADIQ MORRIS**<br>Tele: 888.938.7770 Ext. 1 / www.DEFENDMYRIGHT.COM |
|---|---|---|

**JURISDICTION AND VENUE**

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4), as this action seeks redress for violations of Plaintiffs' rights under the United States Constitution, and federal civil rights laws.

3. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202.

4. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over Plaintiffs' claims under state and local laws because they are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy

5. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(c), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

**PARTIES**

**Plaintiffs**

6. B.W. is a minor under the age of eighteen (18) years old and a student within the Mercer Island Public Schools, a public school district located in Mercer Island, WA. At all relevant times herein, B.W., a male of mixed-race descent, African-American and White/Caucasian, attended Islander Middle School, as one of the few African-American or mixed race students in the school. B.W. was classified a special education student.

7. Robin Wilt is the mother of B.W., a minor who was at all relevant times a middle school student enrolled in the Mercer Island Public Schools. Ms. Wilt appears in this action individually and by and for her minor child, B.W., who appears by pseudonym.

8. Nicholas Wilt is the father of B.W., a minor who was at all relevant times a middle school student enrolled in the Mercer Island Public Schools. Mr. Wilt appears in this

action individually and by and for his minor child, B.W., who appears by pseudonym.

9. Nicholas Wilt, Robin Wilt, and their minor child, B.W. reside in the City of Mercer Island, Washington.

**Defendants**

10. Defendant Mercer Island School District (MISD) is a municipal organization organized pursuant to the laws of the State of Washington. As the recipient of federal funding, Defendant MISD has a duty to provide students with an educational environment free from racial harassment.

11. Plaintiffs do not know the true names or capacities of all the officials, agents and employees involved in the incidents alleged herein.  These Defendants are sued herein under the fictitious names DOES 1 through 10, inclusive. Plaintiffs are informed and believe, and on that basis allege, that DOES 1 through 10 have knowledge and/or notice of the conduct, transactions and/or occurrences complained of herein, and are officials, agents and/or employees of the above-captioned Defendant MISD. All John and Jane DOES are persons or entities that may be responsible for the damages suffered by the Plaintiffs as alleged herein. All DOE Defendants are sued individually and in their official capacities.  Plaintiffs will amend this Complaint to state their true names and capacities when ascertained.

## STATEMENT OF FACTS
## ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

12. At all times relevant hereto, all Defendants, named and unnamed, were and are duly appointed officers, agents, and/or employees of Mercer Island School District (MISD).

13. At all times relevant hereto, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, training, employment and/or discipline of each and every Defendant in this Complaint.

////

14. At all times relevant hereto, it was the responsibility of Defendant to screen, hire, train, and employ staff for the purposes of providing nondiscriminatory educational programs, benefits and opportunities to minor school age students in their custody that meets applicable constitutional and statutory standards.

15. At all times relevant hereto, it was the responsibility of Defendant to screen, hire, train, and employ staff for the purposes of responding to school-based racial harassment and bullying within applicable constitutional and statutory standards.

16. At the beginning of the 2011-2012 school year, Appellants, N.W. and R.W., enrolled their oldest son, B.W. (or "Student") in 7th grade at Islander Middle School (IMS) in the Mercer Island School District (MISD).

17. The Student, B.W. is of bi-racial heritage; his mother is African-American and his father is Caucasian. The Student, B.W., was new to the Mercer Island School District, because his family had relocated to the area from out of state.

18. The Student, B.W., came into the District with an Asperger's Syndrome disability diagnosis that was at all times known to Defendant MISD because of plaintiff B.W.'s Individualized Education Plan (IEP).

19. Shortly after the start of the school year, the Student, B.W., became the targeted victim of an ongoing pattern of discriminatory harassment by a peer harasser Student A, who was already known to the Defendant MISD as a disciplinary problem who made racial comments.

20. On November 1, 2011, the Student filed his initial written complaint with the Defendant MISD regarding two incidents of racial/ethnic harassment that had occurred in his social studies class in October 2011.

////

21. The first reported incident occurred October 5, 2011, Student was working on a group project with three other boys, referred to herein as Students A, B and C, due to their status as minor juveniles.

22. Later Student B.W., upset and in tears, informed his teacher reported to his teacher Ms. Brousseau that he was being harassed by peer "Student A" who told him to "Shut up, you Stupid Black" when he tried to offer ideas in class.

23. On October 10, Student informed his parents, N.W. and R.W. of the racial remark and both Parents met with school officials that same day to discuss the racial harassment incident, and report the "Stupid Black" epithet.

24. The second reported incident occurred during an ethnic tolerance and diversity lesson on October 25th, when Student A made another racial remark against Student B.W. stating that he was a "Mexican" that crossed the border. Student B joined in the harassment stating that B.W. was "exported."

25. Defendant MISD's response to student B.W.'s complaints was inadequate and untimely. For instance, the MISD investigator did not interview Student B until approximately seven weeks after Student's initial complaint, at which time Student B reported that Student A continued to racially harass Student by calling him an "Indian." Likewise, another peer, Student C reported ongoing racial harassment of Student B.W. by Student A in November 2011, i.e., openly calling him "Brownie" and acting in a racist manner towards Student.

26. The District failed to conduct its investigations of Student's complaints of peer discriminatory harassment per governing nondiscrimination law. When the mother Robin Wilt requested to file a formal complaint based on the peer racial harassment of B.W., Defendant MISD officials sent the wrong form, a "Harassment/Bullying Report Form" inapplicable to racial harassment, instead of the proper complaint form pursuant to the nondiscrimination state law,

Nondiscrimination Policy and Procedure 3210/3210P.

27.  From the start Defendant MISD applied the wrong legal standard to its response because it had failed to amend its policies to specifically address race and ethnicity discrimination in compliance with a change in Washington state nondiscrimination law applicable to schools, pursuant to Chapters 28A.642 RCW and 392-190 WAC.

28.  Defendant MISD's response to student B.W.'s complaints were implemented in an untimely and inadequate manner that was unreasonable under the known factual circumstances. In addition, Defendant MISD's unreasonable response was due in part to its assertion that B.W.'s disability was causing B.W. to misunderstand or misinterpret "social cues" that would explain or justify the peer racial harassment he was experiencing as merely benign or harmless.

29.  As a result, the Student, B.W., continued to suffer further incidents of racially discriminatory harassment and suffered the effects of a hostile educational environment as evidenced by his grades and emotional distress.

30.  Defendant MISD was aware of the racial harassment to which plaintiff was subjected but failed to take appropriate remedial action, or delayed its response until after an unreasonable amount of time. For instance, even Defendant MISD's purported self-recommended strategies to remedy school-based peer racial harassment (i.e., "Next Steps") were not fully implemented.

31.  Ultimately, Defendant MISD's unreasonable response to the racial harassment of Student B.W. caused plaintiff B.W. to suffer significant emotional and physical damages that also negatively affected his access to educational opportunities and impacted his academic performance.

////

**The Challenged Actions and Inactions Constitute School Defendants' Official Policies.**

32. Any actions or inactions of MISD Defendants or school officials described herein constitute official policy of Defendant MISD because they are longstanding and widespread customs about which Defendant MISD knew or should have known, but failed to remedy, and the customs were the cause of and the moving force behind the deprivation of Plaintiffs' constitutional rights.

33. Alternatively, these practices constitute official policy of Defendant MISD because Defendant MISD delegated such authority to its officials or employees whom promulgated them.

34. Alternatively, these practices constitute official policy of the Defendant MISD because Defendant MISD delegated authority to its agents, individuals or entities, that undertook them with final decision-making authority on the matters set forth in this Complaint.

35. Alternatively, Defendant MISD is liable for these practices because it failed to adequately train or supervise its officials, agents or employees with respect to nondiscrimination matters, which manifests "deliberate indifference" to the constitutional and statutory rights of Parents and the educational rights of parents on behalf of their children, and which foreseeably results in the harms described herein. On information and belief, Defendant MISD never provided relevant school agents, officials and employees with adequate training or supervision regarding the matters complained of herein.

## MONELL ALLEGATIONS

36. All MISD Defendants are "persons" subject to suit within the meaning of 42 U.S.C. §1983. See *Monell v. New York Department of Social Services*, 436 U.S. 658, 691 (1978).

////

////

37. Defendant MISD and its respective officials, with deliberate indifference to the constitutional rights of persons within its jurisdiction, each respectively maintained or permitted one or more of the following official customs, policies or practices:

   A. Failure to provide adequate training and supervision to MISD staff, agents and employees with respect to the proper policy and procedures to be followed in dealing with complaints of peer (student-to-student) racial harassment; and

   B. Failure to provide adequate training and supervision to MISD staff, agents and employees to prevent them from the unconstitutional denial of rights to students with disabilities that complain of discriminatory peer harassment and bullying.

38. Based upon *Monell* principles, the Defendant MISD is liable for all injuries sustained by plaintiff B.W., as set forth herein. The liability of Defendant MISD arises from the fact that the Defendant MISD's customs, policies or practices were a direct and legal cause of Plaintiffs' damages.

39. Defendant Mercer Island School District maintained, operated, and controlled MISD educational premises, including Islander Middle School, in a manner that violated the federal rights of B.W., a minor child under the age of eighteen (18) years old. The oppressive discriminatory conditions experienced by B.W. within Islander Middle School resulted from the actions and omissions of Defendant MISD towards B.W. and clearly demonstrate a deliberate indifference to his needs and rights as a minor student.

40. By failing to provide clear and effective safeguards for the protection of the federal rights of B.W., the acts and omissions of Defendants are the moving force behind the violations of the federal rights of B.W.

////

////

41. The deliberate indifference to the deprivation of the B.W.'s rights by Defendant MISD is so closely and proximately related to injuries suffered by Plaintiff as to be the moving force that caused said injuries, as detailed herein.

42. Pursuant to 28 U.S.C. § 1331, upon proof of Defendants' violation of his federal constitutional rights Plaintiff is entitled to, and herein seeks, money damages, including compensatory and punitive damages from Defendant, as applicable.

**FIRST CAUSE OF ACTION**
**Racial Discrimination in Educational Opportunity Based on Race**
**(Title VI of the Civil Rights Act Of 1964)**
**(42 U.S.C. § 2000d *et seq.*)**
**By ALL Plaintiffs against Defendant Mercer Island School District (MISD)**

43. Plaintiffs reallege and incorporate by reference the allegations contained in preceding paragraphs, as if more fully set forth herein.

44. Plaintiff B.W., a minor student under the age of eighteen (18) years old within the MISD school system, is of mixed race (i.e., African-American and Caucasian) and is a member of a protected class.

45. Plaintiff Robin Wilt is the African-American mother of B.W. and is a member of a protected class.

46. Plaintiff Nicholas Wilt is a Caucasian male married to Robin Wilt, a member of a protected class, as well as the father of B.W., a member of a protected class.

47. The Mercer Island School District ("MISD" or "School District") receives financial assistance from the United States Department of Education and is therefore subject to suit under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* ("Title VI").

48. By the above-described conduct by Defendants, discriminated against and harassed plaintiff B.W. based on race, and such discriminatory conduct deprived B.W. of equal access to the educational opportunities and benefits of the School District in violation of Title VI.

49. Plaintiff B.W. has suffered racial harassment that is severe, pervasive, and objectively offensive, resulting in a racially hostile educational environment. As a result, B.W. has been deprived of access to educational programs, benefits and opportunities provided to other MISD students in violation of Title VI.

50. Defendant MISD had actual notice of the racially hostile educational environment. At all times, Defendant MISD had the authority to address it and take corrective action.

51. Defendant MISD was deliberately indifferent to the known racially hostile educational environment. The clearly unreasonable response by MISD deprived B.W. of an equal opportunity to access the educational programs, benefits and opportunities.

52. In failing to provide plaintiff an educational environment free from racial harassment and intimidation, defendant has violated Title VI of the Civil Rights Act of 1964.

53. Plaintiffs have suffered damages because of the Defendant MISD's violations of Title VI as set forth above.

54. Defendant MISD's willful conduct caused Plaintiffs to hire and become obligated to pay an attorney to defend their respective rights.

55. Plaintiffs request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**(Denial of Equal Protection of the Laws)**
**(42 U.S.C. § 1983)**
**(U.S. Constitution, 5th/14th Amendment Due Process Clause)**
**By ALL Plaintiffs Against Defendant MISD**

56. Plaintiffs reallege and incorporate by reference the allegations contained in preceding paragraphs, as if more fully set forth herein.

57. Defendant MISD, by and through its agents, employees and staff acting under color of law and in concert with one another, engaged in intentional race discrimination. In so

doing, defendant MISD has caused the Plaintiffs to suffer deprivations of their fundamental rights because of race. These actions violated Plaintiffs' rights to equal protection of the laws, in violation of the Fifth and Fourteenth Amendment to the Constitution of the United States.

58. Upon information and belief, and after a reasonable opportunity for discovery, the Plaintiffs will establish that the Defendant denied Plaintiffs their constitutional and statutory rights to be free of racial discrimination in education, motivated in part by race, and no other fact or circumstance which otherwise justified Defendant MISD's actions.

59. Defendant denied Nicholas and Robin Wilt their substantive right to equal protection under the laws, including the right to advocate for the educational rights of their child.

60. At all relevant times, these Defendant MISD had a duty to not violate the civil rights of plaintiffs.

61. The acts of the Defendant MISD by and through its officials, agents and employees caused injury to Plaintiffs. They were intentional and done in knowing violation of Plaintiffs' legal and constitutional rights, without good faith, and with reckless disregard and/or callous indifference to Plaintiffs' civil rights.

62. Pursuant to 28 U.S.C. § 1331, upon proof of Defendant MISD's violation of their federal constitutional rights Plaintiffs are entitled to, and herein seek, money damages, including compensatory and punitive damages from Defendant.

63. Defendant MISD's willful conduct caused Plaintiff to hire and become obligated to pay an attorney to defend his respective rights.

64. Plaintiffs request relief as hereinafter provided.

////

////

////

### THIRD CAUSE OF ACTION
**Retaliation in Violation of First Amendment Rights**
**(42 U.S.C. §1983)**
**(U.S. Constitution, 1st and 14th Amendment)**
**By Plaintiffs Nicholas and Robin Wilt Against Defendant MISD**

65.  Plaintiffs reallege and incorporate by reference the allegations contained in preceding paragraphs, as if more fully set forth herein.

66.  At all relevant times, Nicholas and Robin Wilt were well-known as vocal critics of the Mercer Island School District's handling of their son's complaints of racial harassment and as vigorous advocates for their parental rights and their son's individual rights.

67.  Defendant MISD, by its agents and employees, was substantially motivated by Plaintiffs' known identity as vocal critics of the Defendant MISD, when Defendant MISD acted under color of law and engaged in unlawful retaliation against plaintiffs Nicholas and Robin Wilt for exercise of their free speech.

68.  The arbitrary and capricious acts of the Defendant MISD, by and through its agents and employees, were intentional and did not serve any legitimate pedagogical goal, and were done with reckless disregard and/or deliberate indifference to Plaintiffs' First Amendment civil rights. This constitutes unlawful official retaliation against Plaintiffs for the exercise of their First Amendment rights to free expression and petitioning for the redress of grievances.

69.  As a direct and proximate result of the acts and omissions of Defendant MISD by and through its officials, agents and employees, Plaintiffs suffered pain and suffering, humiliation, fear, anxiety, torment, degradation, and extreme emotional distress.

70.  Pursuant to 28 U.S.C. § 1331, upon proof of Defendant MISD's violation of their federal constitutional rights, Plaintiffs are entitled to, and herein seek, money damages, including compensatory and punitive damages from Defendant MISD.

////

71. Defendant MISD's willful conduct caused Plaintiffs to hire and become obligated to pay an attorney to defend his respective rights.

72. Plaintiffs request further relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
**ADA Disability Discrimination Claim**
**(42 U.S.C. § 12132 *et seq*.)**
**By Plaintiffs Against Defendant MISD**

73. Plaintiffs reallege and incorporate by reference the allegations contained in preceding paragraphs, as if more fully set forth herein.

74. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

75. The ADA requires public entities to ensure that their programs, services and activities are accessible to and useable by detainees and inmates with disabilities. At all times relevant to this action, Defendant MISD is a "public entity" within the meaning of Title II of the ADA and provided a program, service or activity to the general public.

76. At all times relevant to this action, Plaintiff B.W. was, and is, diagnosed with Asperger's Syndrome and a qualified individual within the meaning of Title II of the ADA that met the essential eligibility requirements for the receipt of the services, programs, or activities of the Defendant MISD. 42 U.S.C. § 12131. Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability based on that disability. 42 U.S.C. § 12132.

////

////

////

77. Defendant MISD is mandated to operate each program, service, or activity "so that, when viewed in its entirety, it is readily accessible to and useable by individuals with disabilities." 28 C.F.R. §§ 35.150; see also 28 C.F.R. §§35.149 & 35.151. In violation of the ADA, Defendant MISD failed to provide a reasonable response to B.W.'s complaints of school-based discriminatory harassment and bullying, including denying equal due process and investigation of his complaints because of B.W.'s disability; and thereby Defendant MISD excluded B.W. from equal participation in its educational services, programs and activities; and denied B.W. equal access to the rights and benefits accorded to other students.

78. In addition, Defendant MISD failed to:

    a. Develop and enforce policy and procedures to ensure provision of a reasonable response, including due process and investigation, to complaints by persons with qualified disabilities of school-based discriminatory harassment and bullying, to enable B.W., a person with a qualified disability, to participate on an equal basis in the programs, services and activities of Defendant MISD.

    b. Provide adequate training and supervision to MISD officials, agents and employees with respect to the proper policy and procedures to be followed in dealing with complaints from a person with a qualified disability of school-based discriminatory harassment and bullying, to enable B.W., to participate on an equal basis in the programs, services and activities of Defendant MISD.

79. Through their acts and omissions described herein, Defendant MISD has violated the ADA by excluding Plaintiff B.W. from participating on an equal basis in the programs, services and activities of Defendant MISD, and subjected B.W. to discrimination in the benefits and services Defendant provides to students without disabilities who have complaints of school-based discriminatory harassment and bullying.

80. Defendant MISD committed the acts and omissions alleged herein with intent and/or reckless disregard of the rights of B.W., a person with a qualified disability.

81. As a direct and proximate result of the acts and omissions of Defendant MISD, by and through its officials, agents and employees, B.W, has suffered pain and suffering, humiliation, fear, anxiety, torment, degradation, and extreme emotional distress.

82. At all relevant times, a special custodial relationship existed between the Defendant MISD and B.W., a minor student of less than 18 years of age, and the Defendant MISD had a duty to not violate the civil rights of B.W.

83. Pursuant to 42 U.S.C. § 12133, Plaintiffs are entitled to declaratory and injunctive relief, as well as reasonable attorneys' fees and costs incurred in bringing this action.

**FIFTH CAUSE OF ACTION**
**Rehabilitation Act Claim**
**(29 U.S.C. § 794)**
**By Plaintiffs Against Defendant MISD**

84. Plaintiffs reallege and incorporate by reference the allegations contained in preceding paragraphs, as if more fully set forth herein.

85. Section 504 of the Rehabilitation Act of 1973 provides in pertinent part: "[N]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance ... " 29 U.S.C. § 794.

86. At all times relevant to this action Defendant MISD was a recipient of federal funding within the meaning of the Rehabilitation Act. As a recipient of federal funds, Defendant MISD is required to reasonably accommodate inmates with disabilities in their facilities, program activities, and services. It further requires the Defendants to modify their facilities, services, and programs as necessary to accomplish this purpose.

87. Plaintiff B.W. is at all times relevant herein a qualified individual with a disability within the meaning of the Rehabilitation Act because he has a physical impairment, Asperger's Syndrome, that substantially limits one or more of his major life activities. 29 U.S.C. § 705(20)(B).

88. B.W. is otherwise qualified to participate in the services, programs, or activities provided by Defendant MISD, including but not limited to those at Islander Middle School, as well as any and all provided by Defendant MISD via its agents or employees. See 29 U.S.C. § 794 (b).

89. Plaintiffs are informed, believe, and based thereon allege that the Defendant MISD, by and through its officials, agents and employees, violated the Act by failing to provide B.W. a reasonable response to his complaints of school-based discriminatory harassment and bullying, including ensuring equal due process and investigation of said complaints, because of his disability.

90. Through their acts and omissions described herein, Defendant MISD has violated the Rehabilitation Act by excluding Plaintiff B.W. from equal participation in, denying B.W. the benefits of, and subjecting B.W. to discrimination in the benefits and services Defendant provides to the students without disabilities who have complaints of school-based discriminatory harassment and bullying.

91. Defendants committed the acts and omissions alleged herein, i.e., substandard due process and investigation of B.W.'s complaints of peer racial harassment, with intent and/or reckless disregard of the rights of B.W.

////

////

////

92. As a direct and proximate result of the acts and omissions of Defendant MISD, by and through its officials, agents and employees, B.W. has suffered pain and suffering, humiliation, fear, anxiety, torment, degradation, and extreme emotional distress due to Defendant failure to address the accommodations, modifications, services and access required for his disability(s).

93. At all relevant times, a special custodial relationship existed between the Defendant MISD and B.W., a minor student of less than 18 years of age, and Defendant MISD had a duty to not violate the civil rights of B.W.

94. Pursuant to 29 U.S.C. § 794(a), Plaintiffs are entitled to declaratory and injunctive relief and to recover from Defendant the reasonable attorneys' fees and costs incurred in bringing this action.

**SIXTH CAUSE OF ACTION**
**Negligent Hiring, Retention, Supervision, and Training**
**(42 U.S.C. § 1983)**
**(U.S. Constitution)**
**By ALL Plaintiffs Against Defendant MISD**

95. Plaintiffs reallege and incorporate by reference the allegations contained in preceding paragraphs, as if more fully set forth herein.

96. Defendant MISD is duty bound to hire, train, supervise, and retain officials, agents and employees of the Mercer Island School District to ensure that they do not violate the legal rights of students within its custody and control.

97. On information and belief, Defendant MISD has a pattern and practice of failing to adequately hire, train, supervise, discipline, and retrain its officials, agents and employees regarding school-based discriminatory harassment and bullying. As a result, a culture of unaccountability developed within MISD, including Islander Middle School, that facilitated and encouraged continuing violations of the legal rights of B.W., a student of color with a disability.

98. Defendant MISD's negligence in hiring, training, supervising, and retaining its officials, agents and employees deprived B.W. of his legal rights and was the direct and proximate cause of damages to B.W. as alleged in this Complaint.

99. At all relevant times, Defendant MISD had a duty to not violate the civil rights of Plaintiffs, B.W. and his parents Nicholas and Robin Wilt.

100. The acts of the officials, agents and employees of Defendant MISD caused injury to Plaintiffs. They were intentional and done in knowing violation of the legal and constitutional rights of Plaintiffs, without good faith, and with reckless disregard and/or callous indifference to their civil rights.

101. As a further legal result of Defendant MISD's actions, Plaintiffs will incur costs and attorneys fees.

102. Pursuant to 28 U.S.C. § 1331, upon proof of Defendant MISD's violation of their federal constitutional rights, Plaintiffs are entitled to, and herein seek, money damages, including compensatory and punitive damages from Defendant(s).

103. Defendant MISD's willful conduct caused Plaintiffs to hire and become obligated to pay an attorney to defend his respective rights.

104. Plaintiffs request further relief as hereinafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court enter judgment against Defendants and in favor of Plaintiffs on their individual claims and award the following relief to Plaintiffs:

1. A declaration that Defendant(s)'s conduct alleged herein violated the constitutional and statutory rights of Plaintiffs;

2. Permanently enjoin Defendant(s) from violating the constitutional and statutory rights of Plaintiffs;

3. Retain jurisdiction of this case until Defendant(s) has fully complied with the orders of this Court, and there is a reasonable assurance that Defendant(s) will continue to comply in the future, absent continuing jurisdiction;

4. Further Injunctive relief to correct Defendant(s)'s policies and practices that violate any and all other applicable Federal and state laws;

5. Judgment against the Defendant(s) for compensatory damages sustained as a result of Defendant(s)'s failure to provide for an educational environment free from racial discrimination;

6. Judgment against the Defendant(s) for punitive damages in an amount to be determined at trial;

7. An award for costs and attorneys' fees incurred in pursuing this action, as provided by applicable provisions of federal and state law; and

8. For such other relief as the Court may deem just and equitable.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Dated: October 3, 2014            Respectfully submitted,

LAW OFFICE OF ERNEST SAADIQ MORRIS

By: s/Ernest Saadiq Morris
Ernest Saadiq Morris, WSBA No. 32201
P.O. Box 45637
Seattle, Washington 98145-0637
Tele: 888.938.7770  Extension 1
Fax:  888.938.7770 (direct dial)
Email: Justice@DefendMyRight.com
Website: www.DefendMyRight.com